# DAVIDSON v STATE OF FLORIDA
## Case No. 90-4258 (Lower Court Case No. 89-18997)
Thirteenth Judicial Circuit, Hillsborough County

January 25, 1991

### APPEARANCES OF COUNSEL

**Dan Kirkwood,** Assistant Public Defender, for appellant.

Office of the State Attorney, for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

Appellant/Defendant raises two issues on appeal. Did the trial court err in not allowing the Appellant/Defendant to testify in his own behalf and did the trial court err in finding the Appellant/Defendant guilty of the offense of carrying a concealed weapon?

As to the first issue, the trial counsel did not properly preserve this

issue for appeal. There was no objection made to the trial judge's failure to allow the Appellant/Defendant to testify and the trial counsel never specifically requested to call the Appellant/Defendant as a witness. At most, the trial counsel only commented, "I'm sure the Defendant has something to say about how he was carrying the knife and what he used it for. . ." An Appellate Court, however, has the inherent power to correct a fundamental error even in the absence of a timely objection in the lower court. Failure to allow the Defendant to testify, if he wishes, if he "has something to say" is a fundamental error. The Constitution of the State of Florida provides that the accused shall have the right to be heard. The Appellant/Defendant was not afforded that right in the lower court and therefore reversible error was committed.

From the evidence heard by the lower court where the Defendant/Appellant was not afforded the opportunity to testify, the reviewing court does not find as a matter of law that the lower court erred in denying the Motion for Judgment of Acquittal and finding the Appellant/Defendant guilty of carrying a concealed weapon. The fact that the lower court granted a Judgment of Acquittal as to the disorderly conduct does not automatically mean the evidence was not sufficient for the court to conclude the officer had probable cause to arrest the Defendant for disorderly conduct and thus conduct the search incident to arrest which thus produced the weapon.

Reversed and remanded for a new trial on the charge of carrying a concealed weapon in accordance with this opinion.

DONE and ORDERED in Hillsborough County, Florida, this 25th day of January, 1991.